## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW MCCORMICK,** | : | |
| **Plaintiff** | : | **No. 1:25-cv-00380** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **COMMONWEALTH OF PA DOC, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 10th day of February 2026, upon consideration pro se Plaintiff

Andrew McCormick ("McCormick")'s complaint (Doc. No. 1), two applications for leave to

proceed in forma pauperis (Doc. Nos. 2, 8), certified prisoner trust fund account statement (Doc.

No. 3), and motion to appoint counsel (Doc. No. 10), and for the reasons stated in the

accompanying Memorandum, **IT IS ORDERED THAT**:

1. McCormick's March 3, 2025 application for leave to proceed in forma pauperis ("IFP Application") (Doc. No. 2) is **GRANTED**, and McCormick has leave to proceed in forma pauperis in this case;

2. McCormick's March 20, 2025 application for leave to proceed in forma pauperis (Doc. No. 8) is **DENIED AS MOOT**;

3. McCormick shall **PAY** the full filing fee of $350.00, based on the financial information provided in the IFP Application and certified prisoner trust fund account statement. The full filing fee shall be paid regardless of the outcome of the litigation. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at McCormick's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    (A) the average monthly deposits in McCormick's prison account for the past six (6) months, or

    (B) the average monthly balance in McCormick's prison account for the past six (6) months.

   The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton,

Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in McCormick's prison account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to McCormick's prison account until the fees are paid. Each payment shall reference the above-captioned docket number for this case;

4.    The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein McCormick is presently incarcerated;

5.    The complaint (Doc. 1) is **DEEMED** filed;

6.    The complaint (Doc. No. 1) is **DISMISSED IN PART** as follows:

    a.    McCormick's claims under 42 U.S.C. § 1983 against Defendant Commonwealth of Pennsylvania Department of Corrections ("DOC") are **DISMISSED WITHOUT PREJUDICE**;

    b.    McCormick's Section 1983 claims for retaliation in violation of the First Amendment to the United States Constitution and for due-process violations in violation of the Fourteenth Amendment against the non-DOC Defendants are **DISMISSED WITHOUT PREJUDICE**;

    c.    McCormick's Section 1983 supervisory liability claims against Defendants Lt. Fochtman and Superintendent Rivello are **DISMISSED WITHOUT PREJUDICE**;

    d.    McCormick's Section 1983 Eighth Amendment failure-to-intervene claim against Defendant Correctional Officer Renninger is **DISMISSED WITHOUT PREJUDICE**; and

    e.    McCormick's Section 1983 Eighth Amendment excessive-force claim against Defendant Correctional Officer Burton is **DISMISSED WITHOUT PREJUDICE**;

7.    McCormick has **thirty (30) days** from the date of this Order to file an amended complaint as to only his Section 1983 claims against Defendants Correctional Officer Burton, Correctional Officer Renninger, Lt. Fochtman, and Superintendent Rivello. He shall not include any Section 1983 claims against the DOC in an amended complaint. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the factual basis for McCormick's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting the amended complaint, McCormick

should be mindful of the Court's reasons for dismissing his claims in his initial complaint, as explained in the accompanying Memorandum.  Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ordered by the Court;

8.    If McCormick does not timely file an amended complaint in accordance with paragraph seven (7) of this Order, the Court will presume that he intends to stand on his original complaint, and this case will proceed on <u>only</u> his Section 1983 Eighth Amendment vulnerability-to-suicide claim against Correctional Officer Burton; and

9.    McCormick's motion to appoint counsel (Doc. No. 10) is **DENIED WITHOUT PREJUDICE**.

<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania